WHITTEMORE *v.* TERRAL.

Opinion delivered November 17, 1919.

1. CONSTITUTIONAL LIMITATIONS—AMENDMENT NUMBER TEN—REFERENDUM—RATIFICATION OF AMENDMENT TO FEDERAL CONSTITUTION.—Amendment No. 10 to the Constitution of Arkansas of 1874, does not provide for a referendum on the action of the General Assembly of Arkansas in ratifying an amendment to the Federal Constitution.

2. CONSTITUTIONAL LIMITATIONS—REFERENDUM—SCOPE OF THE PROVISION.—The referendum power of the people under Amendment No. 10 relates only to laws enacted by the General Assembly.

3. SAME—SAME — "LAW" — "ACT"—"MEASURE."—Under Amendment No. 10, the words "act," "measure" and "law," are used interchangeably, and the power granted relates to the enactment of laws, and not to the exercise of other functions by the legislative body.

4. SAME—SAME—RATIFICATION OF FEDERAL AMENDMENT.—The action of the General Assembly, pursuant to the power conferred by the Federal Constitution, ratifying a proposed amendment to that Constitution, is not the enactment of a law.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; affirmed.

*Cohn, Clayton & Cohn,* for appellants.

1. The Federal Constitution does not restrict the power of the States so as to prohibit them from controlling the action of their representative legislative assemblies by referendum to the people or otherwise, but relates to the ultimate legislative authority of the States expressed and the action of the Legislature ratifying the amendment falls within the terms of Amendment No. 10 providing for the referendum. Art. 5, U. S. Const. "Legislature" does not mean legislative assemblies, but allows the people to concur or ratify by referendum vote. 94 Ohio St. 154; 114 N. E. 55; Webster's

New Int. Nat. Dict., "Legislature," Cent. Dict. *verbum;* 1 Bryce Am. Commonwealth, p. 461; 241 U. S. 567, 565-8; 127 N. W. 848; 44 Ore. 118; 53 *Id.* 163; 241 U. S. 565-569; 223 U. S. 118; Cooley, Const. Lim., p. 59, note 3; Dwarris 704; 9 Wheat, 1-7; 223 U. S. 118; Const. 1874, art. 2, § § 1-29; 104 Ark. 563-5.

The people are at least part of the Legislature within article 5 of the United States Constitution and a reference to the people of an act, H. R. No. 1, does not contravene that Constitution.

2. The act was subject to a referendum vote, comes within the 10th Amendment. 119 Ark. 314; 171 S. W. 871; 173 *Id.* 1099; 76 Ark. 303; 60 *Id.* 343; 26 *Id.* 281-285; 119 Ark. 322; 76 *Id.* 303; 9 *Id.* 270; 51 *Id.* 534; 11 S. W. 878. The provisions of Amendment No. 10 must be liberally construed to effect the purpose of the people. 103 Ark. 48-57; 162 U. S. 197; 3 How. 24; 1 Wheat. (U. S.) 120; 91 U. S. 72; Endlich, Int. Stat., § 29; 57 Fed. 426; 62 62 Atl. 1035; 71 Kan. 811; 81 Pac. 450; 70 L. R. A. 450; 6 Am. Cases 298; 23 Mich. 499; 130 Mo. App. 687; 108 S. W. 1095.

By the terms of the 10th Amendment the power is reserved in the people to approve or reject any act of the legislative assembly. The word "act" means any "action" taken. 1 A. & Eng. Enc. Law. (2 Ed.) 575; 1 Bouvier 102; Funk & Wagnell New Stand. Dict., p. 29; Webster New Int. Dict., p. 22, subd. 2; *Smith* v. *Strothers,* 8 Pac. 852; 68 Cal. 194.

The effect and substance of an act and not the name are to be considered. 181 Pac. 920; 66 Ore. 70-78; 130 S. W. 689; 86 Ore. 390; 45 S. E. 821; 206 U. S. 276; 232 U. S. 548-556. See also 106 Ark. 506-509-10; 104 *Id.* 583-591; 105 *Id.* 380; 103 Ark. 48-52-57; 104 Ark. 583; 53 Mich. 681; 176 U. S. 581-602; 123 *Id.* 623-661; 117 Ark. 582.

The initiative and referendum amendment is self-executing and needs no act of the Legislature to effect its purpose. 103 Ark. 48-52; 104 *Id.* 583, etc.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

The term "Legislature" as used in article 5 means the General Assembly of the State. 3 How. (U. S.) 24; 23 Mich. 499; 121 U. S. 12. The power of ratification conferred by the Federal Constitution relates solely to the legislative assemblies of the States and can not be brought within the reserved legislative authority of the people themselves, and the language of Amendment No. 10 does not apply the referendum to the action of the General Assembly in ratifying the amendment to the Federal Constitution. 2 How. 24; 121 U. S. 12; 146 *Id.* 1; 45 N. H. 601; 4 Elliott's Debates, 407; 119 Ark. 314; 26 S. D. 5; 223 U. S. 117; 3 Howard 24; 23 Mich. 499; 121 U. S. 12. The words "act of the Legislature," as used in Amendment No. 10 to our Constitution, does not contemplate resolutions but means acts passed by the Legislature, and the word "act" means "law" duly passed, and does not include a joint resolution. Cases *supra.*

McCULLOCH, C. J. The General Assembly of this State, during the last session thereof, adopted a joint resolution ratifying the proposed amendment to the Constitution of the United States prohibiting "the manufacture, sale or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all the territory subject to the jurisdiction thereof, for beverage purposes," and appellants and other legal voters constituting more than five (5) per centum of the voters of the State filed their petition with the Secretary of State in apt time asking for a referendum to the people of said resolution in accordance with the provisions of Amendment No. 10 to the Constitution. The Secretary of State refused to certify the referendum, and this action was instituted by appellants in the circuit court of Pulaski County to compel him to do so.

The contention of appellants is (1) that the Federal Constitution, in providing for the ratification of amend-

ments by "the Legislatures of three-fourths of the several States," does not restrict the powers of the States so as to prohibit them from controlling the action of their representative legislative assemblies by referendum to the people or otherwise, but that it relates to the ultimate legislative authority of the States, in whatever form expressed; and (2) that the action of the General Assembly of this State ratifying the amendment falls within the terms of Amendment No. 10, providing for the referendum.

On the other hand, it is contended by the Attorney General, who appears on behalf of the Secretary of State, that the power of ratification conferred by the Federal Constitution relates solely to the legislative assemblies of the States, that it can not be brought within the reserved legislative authority of the people themselves, and that the language of Amendment No. 10 does not apply the referendum to the action of the General Assembly in ratifying an amendment to the Federal Constitution.

We proceed to a consideration of the last of the propositions stated, and since our conclusion on that is found to be decisive of this case, we need go no further.

(1) Amendment No. 10 does not, in our opinion, provide for a referendum on the action of the General Assembly in ratifying an amendment to the Federal Constitution. That portion of our Constitution reads as follows:

"The legislative powers of this State shall be vested in a General Assembly, which shall consist of the Senate and House of Representatives, but the people of each municipality, each county and of the State, reserve to themselves power to propose laws and amendments to the Constitution and to enact or reject the same at the polls as independent of the legislative assembly, and also reserve power at their own option to approve or reject at the polls any act of the legislative assembly. The first power reserved by the people is the initiative, and not more than 8 per cent. of the legal voters shall be required to propose any measure by such petition, and every such

petition shall include the full text of the measure so proposed. Initiative petitions shall be filed with the Secretary of State not less than four months before the election at which they are to be voted upon.

"The second power is a referendum, and it may be ordered (except as to laws necessary for the immediate preservation of the public peace, health or safety), either by the petition signed by 5 per cent. of the legal voters or by the legislative assembly as other bills are enacted. Referendum petitions shall be filed with the Secretary of State not more than ninety days after the final adjournment of the session of the legislative assembly which passed the bill on which the referendum is demanded. The veto power of the Governor shall not extend to measures referred to the people. All elections on measures referred to the people of the State shall be had at the biennial regular general election, except when the legislative assembly shall order a special election. Any measure referred to the people shall take effect and become a law when it is approved by a majority of the votes cast thereon and not otherwise. The style of all bills shall be, 'Be It Enacted by the People of the State of Arkansas.' This section shall not be construed to deprive any member of the legislative assembly of the right to introduce any measure. The whole number of votes cast for the office of Governor at the regular election last preceding the filing of any petition for the initiative or for the referendum shall be the basis on which the number of legal votes necessary to sign such petition shall be counted. Petitions and orders for the initiative and for the referendum shall be filed with the Secretary of State, and in submitting the same to the people he and all other officers shall be guided by the general laws and the acts submitting this amendment until legislation shall be specially provided therefor."

(2-3) An analysis of this provision of our Constitution reveals the fact that the reserved referendum power of the people relates only to laws enacted by the General Assembly. The word "act," as there used, means an en-

acted law—a statute. This is clearly manifested by that part of the language used which provides that referendum petitions must be filed not more than ninety days after adjournment of the session "at which the bill on which the referendum is demanded," and that a "measure referred to the people shall take effect and become a law when it is approved by a majority vote thereon." The words "act" and "measure" and "law" are used interchangeably, showing plainly that the power relates to the enactment of laws, and not to the exercise of other functions by the legislative body. The word "act" is not so frequently used in our Constitution as to give a fixed definition to it, but in one instance it is made use of in such a way as to clearly indicate the reference to a statute. Sec. 31, art. V. But, aside from any definition fixed in the Constitution, and aside from the technical definition given by lexicographers, we know that the term "act of the Legislature" not only has a fixed popular meaning, but that the unbroken custom in the enactment of laws is to make use of the term "act" in the caption or title to a statute. In turning through the printed statutes, we find, without exception, that the form of caption used is "An Act to Provide" or "An Act to Amend," etc., showing the universal legislative practice to treat the set form as expressive of the meaning that an act of the Legislature relates to a law and not to other proceedings of the Legislature. Amendment No. 10 was adopted to change the Constitution only with respect to those things in conflict with the amendment (*Hodges* v. *Dowdy,* 104 Ark. 583), and the language of the amendment must be understood in the meaning in which it was used in the Constitution and in the legislative customs.

(4) Now, the action of the Legislature, pursuant to the power conferred by the Federal Constitution, ratifying a proposed amendment to that Constitution is not the enactment of a law. It possesses none of those elements. Laws are enacted only when the legislative will is accomplished. They may be proposed by legislative bills or resolutions, according to constitutional provisions

prescribing the method of exercise of the legislative functions, but they do not become laws until the enactment is consummated. The ratification by the Legislature of an amendment to the Federal Constitution is but a step in the enactment of a law, and that step does not amount to a law even though it results, with the joint action of other' States, in the adoption of the proposed constitutional amendment.

The Attorney General, in his brief, very appropriately likens it to a roll call of the States upon the question of ratification, and he adds that the action of the Legislature of a single State is of itself "no force as a law, makes no rule of conduct or government, and provides no penalty." This is correct. The action of the General Assembly in the ratification of an amendment to the Federal Constitution is not a law, and our conclusion is that such action does not fall within the provisions of Amendment No. 10.

It is interesting to note that the Supreme Court of Oregon reached the same conclusion in deciding this question under the referendum provision of the Constitution from which the precise language of Amendment No. 10 was borrowed. *Herbring* v. *Brown,* 180 Pac. 328. We approve the reason of the court given in that case for reaching the same conclusion which we now reach.

The Supreme Court of the State of Washington reached the opposite conclusion in the case of *Mullen* v. *Howell,* 181 Pac. 920, in construing somewhat similar language in their constitutional provision concerning the reserved referendum power; but we do not agree with that court in its process of reasoning, nor in the result reached.

It follows that the circuit court was correct in its decision, and the judgment is affirmed.